IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sonia Doolan,<br><br>          Petitioner,<br><br>vs.<br><br>United States Attorney General, et al.,<br><br>          Respondents. | No. CV-15-02465-PHX-SPL<br><br>**ORDER** |

Petitioner Sonia Doolan is presently detained by the United States Department of Homeland Security in the Eloy Detention Center in Eloy, Arizona. On December 17, 2015, she filed a *pro se* First Amended Petition for Writ of Habeas Corpus by a Person in Federal Custody pursuant to 28 U.S.C. § 2241 (Doc. 8). Respondents filed an Answer on March 29, 2016 (Doc. 19), and on April 8, 2016, Petitioner filed a reply (Doc. 21). United States Magistrate Judge Michelle H. Burns has issued a Report and Recommendation ("R&R") recommending that the Court dismiss the petition. (Doc. 35.) For the following reasons, the Court accepts and adopts the R&R, and denies the petition.

**I.     Background**

Petitioner does not object to the correctness of the factual background in the R&R, which the Court adopts and incorporates as follows:

> Petitioner is a native and citizen of India, by virtue of her birth in Chandigash, India. (Exh 1, ¶ 2; Doc. 21 at 1.) On September 24, 2001, Petitioner was admitted to the United States at Houston, Texas, as a Non-Immigrant, and on November 8, 2005, Petitioner applied for adjustment of status

and was adjusted to a Lawful Permanent Resident. (Exh. 1, ¶ 3.)

On March 26, 2014, Petitioner was convicted in the Superior Court of Arizona, Maricopa County, of four felony offenses committed on separate occasions: two counts of Taking Identity of Another, a class 4 felony - sentenced to 3 years' prison; one count of Fraudulent Schemes and Artifices, a class 2 felony - sentenced to 4 years' probation after release from prison; and one count of Aggravated Taking Identity of Another, a class 3 felony - sentenced to 4 years' probation after release from prison. (Exh. 1, ¶¶ 4-7.)

On April 4, 2014, Petitioner was encountered by officers of United States Immigration and Customs Enforcement ("ICE") officers at the Arizona Department of Corrections Alhambra Intake and Reception Facility, Phoenix, Arizona, pursuant to administrative charges related to her convictions for the above offenses. (Exh. 1, ¶ 8.) On July 7, 2014, Petitioner was served with a Form I-862, Notice to Appear, charging removability under Section 237(a)(2)(A)(ii) of the INA, as an alien, who, any time after admission, has been convicted of two crimes involving moral turpitude not arising out of a single scheme of criminal misconduct. (Id., ¶ 9.)

On August 11, 2014, ICE agents placed an Immigration Detainer, Form-I-247, with the Perryville State Prison in regards to Petitioner. (Exh. 1, ¶ 10.) On August 16, 2015, Petitioner was released to ICE custody and transferred to the Phoenix Field Office, Phoenix, Arizona. A custody determination was made that Petitioner would be detained by the Department of Homeland Security pending a final determination of her case. (Id., ¶ 11.) On August 17, 2015, Petitioner was transported to the EDC, in Eloy, Arizona, for removal proceedings. (Id., ¶ 12.)

On September 10, 2015, Petitioner appeared *pro se* before an Immigration Judge ("IJ") for a bond hearing. The IJ reset the case for October 19, 2015. (Exh. 1, ¶ 13.) On that date, Petitioner again appeared *pro se*, and the IJ denied a custody redetermination, stating no jurisdiction. (Id., ¶ 15.) A Custody Redetermination hearing was scheduled in Immigration Court for March 16, 2016. (Doc. 16 at 1, 3.) However, Petitioner refused to attend, and filed a motion in Immigration Court to cancel the bond hearing, indicating that she "does not understand th[e] process and refuse[s] to participate in this Farce." (Doc. 16 at 4.)

(Doc. 35 at 2-3.)

**II.    Standard of Review**

A district judge "may accept, reject, or modify, in whole or in part, the findings or

2

recommendations made by the magistrate judge." 28 U.S.C. § 636(b). When a party files a timely objection to an R&R, the district judge reviews *de novo* those portions of the R&R that have been "properly objected to." Fed. R. Civ. P. 72(b). A proper objection requires specific written objections to the findings and recommendations in the R&R. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003); 28 U.S.C. § 636(b)(1). It follows that the Court need not conduct any review of portions to which no specific objection has been made. *See Reyna-Tapia*, 328 F.3d at 1121; *see also Thomas v. Arn*, 474 U.S. 140, 149 (1985) (discussing the inherent purpose of limited review is judicial economy). Further, a petitioner is not entitled as of right to *de novo* review of evidence or arguments which are raised for the first time in an objection to the R&R, and the Court's decision to consider them is discretionary. *United States v. Howell*, 231 F.3d 615, 621-622 (9th Cir. 2000).

**III.    Discussion**

Petitioner objects "to the Court's recommendation that petitioner's Habeas Corpus [petition] lack[s] merit." (Doc. 37 at 1.) While the remainder of Petitioner's objection is formatted by claim, her arguments are difficult to understand and do not point to any specific flaw in the Magistrate Judge's analysis or findings. Rather, Petitioner appears to provide a general reiteration of the claims that were addressed by the Magistrate Judge, but without any reference to the R&R. Because Petitioner's objection does not identify with any specificity the portion of the R&R to which she objects, the objection serves to have the same effect as if she had failed to object entirely. *See Gutierrez v. Flannican*, 2006 WL 2816599, at *2 (D. Ariz. Sept. 29, 2006) (where a Petitioner does not identify which of the Magistrate Judge's findings he or she specifically disagrees with, the general objections to the R&R "are tantamount to no objection at all."). As a result, the Court has no obligation to review Plaintiff's general objection to the R&R. *See Thomas*, 474 U.S. at 149 (no review at all is required for "any issue that is not the subject of an objection."). Thus, the Court could summarily adopt the R&R in full. However, out of an abundance of caution, the Court will review *de novo* the claims and the R&R's conclusions.

In short, Petitioner claims in her petition that her immigration detention in federal custody following the completion of a sentence of incarceration in state custody violates the laws of the United States and her constitutional rights. *See* 28 U.S.C. § 2241(c)(3). Plaintiff brings four claims for relief in the petition, each of which is addressed on the merits in the R&R. Having conducted its review, the Court agrees with the Magistrate Judge's findings and conclusions, and finds the R&R correctly rejects all four.

As to Ground One, as determined by the Magistrate Judge, Petitioner has not shown that she has an established right under the laws of the United States to the completion of her removal proceedings[1] prior to the completion of her state criminal sentence. First, Section 287 of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1357, does not confer a right to the completion of removal proceedings prior to the conclusion of a state criminal sentence. Rather, it requires when the Attorney General must "effectively and expeditiously take custody of the alien." 8 USC § 1357(d). Section 1357 also does not apply to Petitioner's circumstances; Petitioner was not arrested "for a violation of any law relating to controlled substances." 8 USC §1357(d). Similarly, INA § 238, 8 U.S.C. § 1228, does not create a right to completion of removal proceedings before the conclusion of a state criminal sentence. Section 1228 directs only the Attorney General must "*provide for the availability of* special removal proceedings at certain Federal, State, and local correctional facilities" for those convicted of certain categories of offenses. 8 U.S.C. § 1228(a)(1) (emphasis added). To the extent Section 1228(a)(3) directs the Attorney General to "provide for… the completion of removal proceedings" before an alien's release from prison, that provision is inapplicable to Petitioner, in that she has not been convicted of an aggravated felony. *See* 8 U.S.C. § 1228(a)(3)(A). In her objection, Petitioner invokes Section 701 of the

---

[1] In claiming a right to the completion of removal proceedings prior to, or concurrent with the completion of her criminal sentence, Petitioner interchangeably discusses her right to expedited removal proceedings with contested removal proceedings that are held before an Immigration Judge. The Court does not address the infinite and nuanced differences between the two because Petitioner has not identified that she has a right to the completion of either prior to the completion of her criminal sentence. *See* 8 U.S.C. §§ 1225, 1228, 1229a.

Immigration Reform and Control Act of 1986, formerly 8 U.S.C. § 1252(i), to support her claim.[2] This too is unavailing. This provision, the predecessor to 8 U.S.C. § 1229(d)(1), only directs the expeditious initiation of removal proceedings – not the completion of them.[3]

As to Ground Two, Petitioner does not show that she has an established constitutional right to the completion of her removal proceedings prior to, or concurrent with, the completion of her criminal sentence. Petitioner does not dispute that proceedings were initiated while she was serving her criminal sentence, and does not argue that she was deprived of prompt removal from the United States following the completion of her sentence. Rather, Petitioner challenges the inherent fairness of her continued confinement pending the conclusion of her removal proceeding, which was instituted only as a result of the convictions for which she just served a 3-year term of incarceration. While Petitioner's argument is not lost on this Court, federal habeas relief is not available on this basis. Petitioner must show that her continued detention is contrary to established federal law, violates the United States Constitution, or exceeds statutory authority.

As to Ground Three, the Court agrees with the Magistrate Judge that Petitioner has not shown that she has an established constitutional right to the completion of her removal proceedings in accordance with the agency's case completion goals. As addressed in the R&R, the goals are agency guidelines, not constitutional or statutory prerequisites.

Lastly, as to Ground Four, the Court agrees that Petitioner has not shown that she

---

[2] Section 701 of the Immigration Reform and Control Act of 1986 provide[d]: In the case of an alien who is convicted of an offense which makes the alien subject to deportation, the Attorney General [through the Immigration and Naturalization Service] shall begin any deportation proceeding as expeditiously as possible after the date of the conviction. 8 U.S.C. § 1252(i) (1988).

*Soler v. Scott*, 942 F.2d 597, 599–600 (9th Cir. 1991).

[3] Nevertheless, this provision, in either its current or prior form, does not create an enforceable substantive or procedural right. *See Campos v. I.N.S.*, 62 F.3d 311, 314 (9th Cir. 1995); 8 U.S.C. § 1229(d)(2).

5

was unconstitutionally subject to mandatory detention, or unconstitutionally detained without a bond hearing. Following her release from state custody, and initial determination by the Department of Homeland Security denying her release on bond, a custody redetermination hearing was held before an Immigration Judge. At that time, the Immigration Judge found that Petitioner's convictions rendered her subject to mandatory detention. 8 U.S.C. § 1226(c)(1). Petitioner does not identify any authority in support of her contention that she is entitled to an additional bond review due to her continued detention at this juncture. *See Rodriguez v. Robbins*, 804 F.3d 1060, 1089 (9th Cir. 2015); *Rodriguez v. Robbins*, 715 F.3d 1127, 1134–36 (9th Cir. 2013). Further, as previously observed by this Court, Petitioner does not dispute that an additional "bond hearing was previously scheduled, but she refused to attend. The fact that Petitioner has yet to receive a ruling on her recent renewed request provides no insight as to whether she will or will not be provided with a bond hearing." (Doc. 40 at 2.)

**IV.   Conclusion**

Petitioner has not shown that she is entitled to habeas relief pursuant to 28 U.S.C. § 2241. Having reviewed the record as a whole, and finding none of Petitioner's objections have merit, the R&R will be adopted in full. Accordingly,

**IT IS ORDERED:**

1.   That Magistrate Judge Burns's Report and Recommendation (Doc. 35) is **accepted** and **adopted** by the Court;

2.   That the First Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. 8) is **denied** and this action is **dismissed with prejudice**;

3.   That a certificate of appealability and leave to proceed *in forma pauperis* on appeal are **denied** because Petitioner has not made a substantial showing of the denial of a constitutional right; and

/ / /

/ / /

/ / /

4. That the Clerk of Court shall **terminate** this action.

Dated this 19th day of September, 2016.

_____
Honorable Steven P. Logan
United States District Judge